UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                        Criminal No. 23-346(2) (JRT/DTS)

        Plaintiff,

v.

                        **MEMORANDUM OPINION AND ORDER**

DEONTAI MICHAEL ERIC SHORTER,      **ADOPTING REPORT AND**

                                                 **RECOMMENDATION**

        Defendant.

---

Allen A. Slaughter, Jr., **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Paul C. Engh, **PAUL ENGH ATTORNEY AT LAW**, 150 South Fifth Street, Suite 2860, Minneapolis, MN 55402, for Defendant.

Defendant Deontai Michael Eric Shorter was indicted by a grand jury on one charge of being a felon in possession of a firearm. Shorter subsequently moved to suppress statements made to law enforcement and to dismiss the felon-in-possession charge as unconstitutional under the Second Amendment. Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") recommending that both motions be denied. Shorter now objects only to the recommendation denying his motion to suppress.

Because the Court finds that Shorter voluntarily, knowingly, and intelligently waived his *Miranda* rights, the motion to suppress will be denied. Because Count 2 is brought under a constitutionally valid statute, the motion to dismiss will likewise be

denied. Accordingly, the Court will overrule Shorter's objection, adopt the R&R in full, and deny both motions.

## BACKGROUND

### I. FACTS

Shorter was indicted on November 16, 2023, on charges of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Indictment, Docket No. 1.) For that crime, Shorter was arrested, transported to the Hennepin County Adult Detention Center, and interviewed by law enforcement officials. (Mot. Suppress Statement at 1, Feb. 11, 2025, Docket No. 95.) The interview began with the officer asking Shorter for his name, date of birth, current address, and current occupation before advising Shorter of his rights under *Miranda v. Arizona*. (Interview Video at 0:37–1:28.)[1] The officer told Shorter that he had the right to remain silent, that anything he said could be used against him in court, that he had the right to consult an attorney and have one present during questioning, and that an attorney would be provided without cost if he could not afford counsel. (*Id.* at 1:28–51.) The following exchange then occurred:

Officer #1: Do you understand each of those rights I've explained to you?

Shorter: *Nods head*

Officer #1: Do you want to talk to us?

---

[1] The United States submitted a flash drive with bodycam footage of the interview, which will be referred to as the "Interview Video."

    Shorter: *Nods head*

    Officer #1: Is that a "yes" or "no"?

    Shorter: No, damn, yeah—

    Officer #2: Yeah?

    Shorter: —Yes. Yeah.

(*Id.* at 1:51–2:00.)[2] The interview then proceeded for approximately ten minutes, during which Shorter provided a coherent and detailed narrative about the incident and responded to all questions without hesitation.

## II. PROCEDURAL HISTORY

Shorter filed two motions. First, Shorter moved to dismiss the charge against him in the Indictment, arguing that the Second Amendment protects his possession of a firearm despite his felony status. (Mot. Dismiss, Feb. 11, 2025, Docket No. 94.) Second, Shorter moved to suppress statements made during the interview, alleging he did not validly waive his *Miranda* rights. (*See generally* Mot. Suppress Statement.)

The Magistrate Judge issued an R&R recommending that the Court deny both motions. (R. & R., May 2, 2025, Docket No. 100.) Shorter now objects only to the recommendation that the motion to suppress be denied, relying on his previous argument that he did not validly waive his *Miranda* rights. (Obj., June 4, 2025, Docket No. 105.)

---

[2] Shorter does not object to the Magistrate Judge's transcription of the interview.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

After an R&R is filed by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). For both a motion to dismiss and a motion to suppress evidence, "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(1), (3); *see also* 28 U.S.C. § 636(b)(1)(A). "The objections should specify the portions of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

**II.   ANALYSIS**

**A. Motion to Dismiss**

Shorter first moves to dismiss the count against him in the Indictment, arguing that his alleged possession of a firearm as a felon is protected by the Second Amendment under *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Shorter did not object to the Magistrate Judge's recommendation to deny the Motion to Dismiss, so his right to review by the Court is waived. *See* Fed. R. Crim. P. 59(b)(2). Still, for completeness, the Court nevertheless finds the Magistrate Judge correctly determined that the felon-in-possession statute is constitutional. *See United States v. Jackson*, 110 F.4th 1120, 1126 (8th Cir. 2024) (finding that § 922(g)(1) "is consistent with the Nation's historic tradition of

firearm regulation" (quoting *Bruen*, 597 U.S. at 24)). Accordingly, the Court will deny the Motion to Dismiss.

### B. Motion to Suppress Statements

Shorter objects to the Magistrate Judge's determination that he adequately waived his *Miranda* rights prior to making statements to officers during his interview. After de novo review, the Court finds Shorter properly waived his rights.

It is well established that incriminating statements may be excluded under the Fifth Amendment if they are the result of custodial interrogation without the proper *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Before questioning, an individual must be informed (1) that he has the right to remain silent, (2) that anything stated can be used against him in court, (3) that he has the right to consult with a lawyer and have the lawyer present during the interrogation, and (4) that a lawyer will be appointed to represent him if he cannot afford one. *Id.* A suspect may waive these rights, but such a waiver is valid only if made "voluntarily, knowingly, and intelligently." *Id.* at 444. Courts assess the validity of a waiver under the totality of the circumstances, including "the background, experience, and conduct of the accused." *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). The government bears the burden of proving a valid waiver by a preponderance of the evidence. *United States v. Haggard*, 368 F.3d 1020, 1024 (8th Cir. 2004) (citing *Colorado v. Connelly*, 479 U.S. 157, 168 (1986)).

**1. Voluntariness**

The first prong of the waiver inquiry—voluntariness—requires that the waiver be "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). A *Miranda* waiver is only involuntary when it results from coercive police conduct. *Connelly*, 479 U.S. at 167 ("[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary.'"). The Eighth Circuit directs courts to evaluate whether the defendant's will was overborne by "threats, violence, or direct or implied promises," considering the interrogation's length, location, and tone, and the defendant's mental and physical condition. *United States v. Sanchez*, 614 F.3d 876, 883 (8th Cir. 2010) (quotation omitted).

Here, there is no evidence of police coercion. The interview lasted under twelve minutes, was conducted in a calm and conversational tone, and contained no threats or promises by the officers. The officers sat across the table from Shorter, read him his *Miranda* rights, and asked if he understood them. Shorter nodded and gave a verbal affirmation. When prompted to clarify, he again confirmed that he wanted to speak. Shorter's conduct is consistent with a voluntary waiver: he spoke freely, answered all questions, and offered detailed and clarifying information without pressure or coercion.

Shorter argues that his waiver was "confused and equivocal" because, when asked whether he wished to speak with officers, he initially said "no" before immediately

correcting himself and saying "yes." But Shorter never wavered in his response to whether he understood his rights—he consistently affirmed understanding. His brief hesitation occurred only in response to the follow-up question of whether he wanted to talk. The change in response happened in the same breath and was accompanied by a self-correcting expletive ("damn"), strongly suggesting that the initial "no" was accidental. (Interview Video at 1:58–2:01.) Moreover, Shorter clarified his intent to speak multiple times and continued the interview without hesitation. If Shorter wanted to exercise his *Miranda* rights, he could have said so or refused to answer questions. He did not. *See, e.g.*, *Berghuis v. Thompkins*, 560 U.S. 370, 386–87 (2010) (finding no evidence of coercion where defendant "knowingly and voluntarily made a statement to police"). His willingness to engage with officers after receiving the *Miranda* warning is conduct itself indicating waiver. *See, e.g.*, *United States v. Rose*, 124 F.4th 1101, 1107 (8th Cir. 2025) ("Waiver of *Miranda* rights 'can be clearly inferred from the actions and words of the person interrogated.'" (quoting *North Carolina v. Butler*, 441 U.S. 369, 373 (1979))).

Shorter also suggests that his waiver was not voluntary due to diminished intelligence. But the Eighth Circuit has held that "[e]ven if a suspect has a somewhat diminished capacity to resist coercion due to a mental defect, . . . a *Miranda* waiver will not be invalidated on that basis if there is no evidence of police coercion." *Vinton*, 631 F.3d at 483. As explained above, there is no indication of coercive conduct in this case. A lower intellectual ability, by itself, is insufficient to invalidate a waiver. *Id.*

In light of the absence of coercion and the affirmative indicators that Shorter made a free and deliberate choice to participate in the interview with police officers, the Court finds that his *Miranda* waiver was voluntary.

### 2. Knowing and Intelligent

The second prong requires that the waiver be made knowingly and intelligently. *Vinton*, 631 F.3d at 483. That is, the defendant must have "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Turner*, 157 F.3d 552, 555 (8th Cir. 1998) (quoting *Moran*, 475 U.S. at 421).

Here, after the officer recited the required *Miranda* warnings, Shorter nodded affirmatively and verbally indicated his understanding. He appeared alert and responsive and never acted confused nor asked for clarification. Moreover, Shorter's extensive history with the criminal justice system supports the conclusion that he understood the rights he was waiving. The record reflects that Shorter has been arrested at least seven times and has two felony convictions since 2019. (Gov't Resp. at 3, Mar. 14, 2025, Docket No. 97). Such a history indicates familiarity with law enforcement procedures and awareness of his constitutional rights. *Vinton*, 631 F.3d at 482 ("A history of interaction with the criminal justice system supports an inference that an interviewee is familiar with his constitutional rights."). Indeed, Shorter's demeanor during the interview—marked by relaxed body language and calm responses—further suggests his familiarity with the

process. He communicated clearly, responded appropriately to all questions, and showed no signs of confusion or mental impairment.

Shorter contends that his waiver was too hasty to be knowing and intelligent given his alleged diminished intelligence. But the record reflects that Shorter possessed the mental capacity necessary to understand his rights being waived. He clearly acknowledged his understanding, communicated effectively throughout the interview, and acknowledged that he was a convicted felon who was not permitted to possess a firearm. He also articulated his reasons for handling the weapon. These statements demonstrate his ability to grasp legal rules and consequences. *See United States v. Osorio*, 110 F.4th 1089, 1099 (8th Cir. 2024).

Finally, although Shorter did not sign a written waiver form, that fact does not invalidate the waiver. The validity of a *Miranda* waiver does not depend on formal documentation. *See, e.g.*, *United States v. House*, 939 F.2d 659, 662 (8th Cir. 1991) (finding that although defendant refused to sign a waiver form, "waiver may be inferred from the fact that the defendant responded to questions posed by the interviewer after being advised of his rights").

In sum, the clarity of the *Miranda* warning, Shorter's affirmative acknowledgement, his prior experience with the criminal justice system, and his conduct during the interview all support the conclusion that Shorter knowingly and intelligently waived his rights.

The Court will therefore deny the Motion to Suppress.

## CONCLUSION

Because 18 U.S.C. § 922(g)(1) is constitutional, the Court will deny Shorter's Motion to Dismiss. Because the totality of the circumstances shows that Shorter voluntarily, knowingly, and intelligently waived his *Miranda* rights, the Court will overrule Shorter's objections, adopt the R&R, and deny the Motion to Suppress.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objection to the Report and Recommendation [Docket No. 105] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 100] is **ADOPTED**;

3. Defendant's Motion to Dismiss [Docket No. 94] is **DENIED**; and

4. Defendant's Motion to Suppress [Docket No. 95] is **DENIED**.

DATED: July 10, 2025            s/John R. Tunheim    
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
                                                        United States District Judge